BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

ELISE BECKER (NYBN 2540730)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6878
    FAX: (415) 436-7234
    Elise.Becker@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-0166 RS |
| Plaintiff, | [~~PROPOSED~~] ORDER OF DETENTION |
| v. | |
| ISLAM SAID NATSHEH, | |
| Defendant. | |

    Defendant Islam Said Natsheh came before this Court on April 28, 2016, for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Candis Mitchell. Assistant United States Attorney Elise Becker represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community and the appearance of the defendant as required.

    Pretrial Services submitted a report recommending detention based on the defendant's risk of flight and danger to the community.

    Upon consideration of the Pretrial Services report, the court file and the party proffers as discussed below, the Court finds by clear and convincing evidence that no condition or combination of

ORDER OF DETENTION
CR 16-0166 RS                              1

conditions will reasonably assure the defendant's appearance. The Court orders the defendant detained.

The present order summarizes the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, community ties, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Islam Said Natsheh is charged with a violation of 18 U.S.C. § 2339B(a)(1) (material support of a designated foreign terrorist organization, here ISIL). After hearing the proffers of both parties, the Court finds that the United States has met its burden of showing by clear and convincing evidence that no combination of conditions can reasonably assure the defendant's continued appearance before the Court and the community's safety.

The Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance:

First, the government alleges that defendant attempted to board a flight to Turkey from San Francisco International Airport on December 28, 2015. Defendant purchased airline tickets for himself and a juvenile travel partner with a credit card he obtained for the sole purpose of purchasing the tickets. Defendant purchased round trip tickets in order to raise less suspicion. When confronted at the airport prior to boarding the flight, defendant admitted to law enforcement that he intended to travel to Turkey to join ISIS (also known as ISIL) which he knew to be a designated foreign terrorist organization. Defendant has repeatedly admitted, both orally and in writing, that he intended to travel to join ISIS.

Second, the defendant was committed to traveling to Turkey on December 28, 2015. While his travel partner did not show up at the airport for their flight that day, the defendant attempted the travel by himself.

Third the government alleges that law enforcement spoke with defendant in August 2015, and, at that time, defendant denounced holding any radical beliefs. Nevertheless, four months later, the defendant was prepared to abandon his family, his job, and his life in America, to join ISIS. The defendant was living with his father and younger sibling during this period of time.

Fourth, the defendant has a history of foreign travel and has relatives in Palestine and Turkey. He also has a history of drug use.

Fifth, while the defendant is a young man with no prior criminal history, he did not possess any weapons, and his father who resides in the district is willing to act as a surety for the defendant, the family does not have assets to post for a bond. This Court is not convinced that defendant's family has moral suasion to keep defendant in this country.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would pose a risk of flight.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

The Court is willing to reconsider this order if there is a change in circumstances that would support defendant's release.

Dated: May 3, 2016

_____
SALLIE KIM
United States Magistrate Judge