BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

ELISE BECKER (NYBN 2540730)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6878
FAX: (415) 436-7234
Elise.Becker@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISLAM SAID NATSHEH,<br><br>Defendant. | CR 16-00166 RS<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Sentencing Hearing Date: December 13, 2016<br>Hearing Time: 2:30 p.m.<br>Honorable Richard Seeborg |

## INTRODUCTION

This matter is scheduled for sentencing following defendant ISLAM SAID NATSHEH's (Natsheh) open plea to the felony information charging him with attempted material support to a designated foreign terrorist organization, ISIL. The government agrees with the Probation Officer's summary of the offense conduct and the Guidelines calculation. The government agrees that the defendant should be sentenced to 30 years, but disagrees with the lengths of their recommended terms of imprisonment and supervised release. Instead, the government submits this sentencing memorandum in support of its request that the Court sentence Natsheh to a term of imprisonment of 15 years. This recommended sentence is below the statutory maximum penalty, and is consistent with sentences

imposed after guilty pleas in similar cases around the country. A 15-year term of supervised release to follow is essential to ensuring the defendant does not endanger the community following his release.

ARGUMENT

I. The charges

Natsheh was arrested on a criminal complaint on December 29, 2015, charging him with a violation of 18 U.S.C. § 2339B, attempted material support to a designated foreign terrorist organization.

On April 22, 2016, Natsheh waived Indictment and agreed to the filing of an Information charging him with the same offense as the complaint.

Natsheh pleaded guilty to the Information on July 26, 2016. Sentencing is now scheduled on December 13, 2016.

II. Defendant's background

Natsheh is 21 years old. Presentence Report (PSR) p. 2. He is a United States citizen, born in New York, and who has resided in New York and in California. *Id.* Prior to his arrest, he lived with his father and stepmother. PSR ¶ 44. Natsheh worked full time since approximately June 2011 through his arrest. PSR ¶¶ 57-61. He also completed high school and a few semesters of college. PSR ¶¶ 54-55. Natsheh is fluent in English and in Arabic. PSR ¶ 56.

III. The underlying conduct

As set forth in the criminal complaint and the PSR, law enforcement became aware of Natsheh in February 2015, when an individual reported to the FBI that Natsheh was using Facebook and Twitter to post comments in support of ISIL. PSR ¶ 7. One example of Natsheh's support of ISIL's extreme violence was his sharing of the video of the burning alive of captured Jordanian pilot Muath al-Kasabeh. *Id.*

Law enforcement spoke with Natsheh in early August 2015. *Id*. At that time, Natsheh confirmed the identity of his Facebook and Twitter accounts, and acknowledged his posting of the execution video described above. *Id.* Natsheh stated that he believed the pilot got what he deserved, explaining that Natsheh is Palestinian and believes in the "cause." *Id*. Nevertheless, Natsheh told law enforcement that he had changed his ways in the past couple of months; that he was no longer consumed

with the war; that he had become militant toward his cause with Palestine, but believed the best thing he could do was to get educated and spread awareness. *Id*. Natsheh denounced holding any radical beliefs; he denied having any intention to commit an act of violence against the United States or other government; and he denied ever being contacted online in an attempt to be recruited by a terrorist organization. *Id*.

A few weeks after this interview, law enforcement was notified by the Spanish Guardia Civil that a radicalized Spanish female was in communication with an individual whose contact information matched Natsheh's social media handles and cell phone number. PSR ¶ 8. The Spanish female was subsequently arrested when she attempted to travel from Spain to Turkey for the purpose of joining ISIL. *Id.*

On December 25, 2015, law enforcement learned that Natsheh had purchased two round-trip airline tickets from San Francisco International Airport to Turkey, via Amsterdam. PSR ¶ 9. The flight was intended to take place three days later, on December 28, 2015. *Id.* Turkey is considered by law enforcement to be a known transit country for individuals seeking to travel to Syria and Iraq to join ISIL.

Law enforcement later learned that Natsheh purchased the round-trip tickets for himself and an intended minor male travel companion. *Id.* The tickets were purchased with a credit card which Natsheh opened one month prior to the trip, and the tickets were purchased approximately one week later. *See* PSR ¶ 10. The credit card was only ever used to purchase these two tickets. *Id.* Natsheh later admitted that he purchased round trip tickets, even though he intended to make a one-way trip to Syria, in order to raise less suspicion. *Id.*

Natsheh arrived at the airport on December 28, 2015, checked in for his flight, passed through security, and was stopped by law enforcement after he scanned his boarding pass at the gate. PSR ¶ 9. Natsheh initially stated that he was traveling to Istanbul to visit two cousins who were studying there. *Id.* He provided various details about his trip, denying his intent to travel to Syria. *Id.* The interviewing agents then confronted Natsheh about his inconsistent statements and the information they had from the Spanish authorities. *Id.*

Natsheh then admitted that he intended to travel to Syria to fight with ISIL to help the people of Syria. *See Id*. Natsheh was allowed to leave the airport and was arrested at his residence the next day. PSR ¶ 11. Subsequent to his arrest, he made additional statements to law enforcement in which he again confirmed his intentions to fly to Syria to fight with ISIL. *Id.* Natsheh confirmed his intentions both orally and in writing, specifically stating that he wanted to fight for ISIL and that he knew it was a designated foreign terrorist organization. PSR ¶¶ 10-11. A review of Natsheh's social media accounts on December 28, 2015, included a profile picture of an ISIL flag, in addition to a street sign with ISIS written on it. PSR ¶ 8. The caption "May Allah not bring me death until he kills a Kaffir through me!" and "Land of the Filths" was also written on the caption. *Id.* A "Kaffir" is an Arabic term sometimes used to describe individuals who do not follow Islam. *Id*.

IV. Sentencing Guidelines and statutory maximum penalties

The statutory maximum penalty for a violation of 18 U.S.C. § 2339B is 20 years' imprisonment. Pursuant to 18 U.S.C. § 3583(j), a maximum term of lifetime supervised release can be imposed.

The government agrees with the Guidelines calculations set forth in the PSR. ¶¶ 16-25. They are as follows:

| | |
|---|---|
| 1. Base offense level: | +26 (USSG § 2M5.3) |
| 2. Specific offense characteristics | +2 (USSG § 2M5.3(b)(1)) |
| 3. Terrorism Adjustment | +12 (USSG § 3A1.4(a)) |
| 4. Acceptance of responsibility | -3 |

Pursuant to USSG § 3A1.4(b), the defendant's criminal history category is VI. Accordingly, the advisory Guidelines range, based on a total adjusted offense level of 37 and a criminal history category VI, is 360 to life.

V. The government's sentencing recommendation

The government recommends that the Court sentence Natsheh to a term of imprisonment of 15 years. This sentence is sufficient in light of the seriousness of the offense conduct, but is not greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553.

First, this recommended sentence is below the statutory maximum penalty for this offense. This is important to note in light of the applicable Sentencing Guidelines which result in a sentence of 30

years to life. While the Court can never impose a sentence in excess of the 20-year statutory maximum, the Guidelines calculation is an important starting point for this Court's analysis of an appropriate sentence in this case. Here, the Guidelines call from the highest sentence possible, other than a life sentence, to be imposed in this case.

Second, this recommended sentence recognizes both the seriousness of Natsheh's conduct, in addition to certain mitigating circumstances which would support a sentence below the statutory maximum. In terms of aggravating factors, the defendant's offense and the circumstances surrounding it as set forth in the Criminal Complaint and PSR are extremely serious. Defendant's actions demonstrate his commitment to extremist principles, and his desire to engage in violent acts in furtherance of those extremist principles. These facts show that the defendant's conduct had the very real potential to cause significant harm and loss of life had his flight to Turkey not been prevented. Natsheh was solely responsible for his intended travel to Syria, having purchased the airline tickets to Turkey for himself and a juvenile travel partner on a credit card he opened for this sole purpose. The tickets were purchased several weeks before the intended travel, further demonstrating the premeditation of his plan. He recognized the implications of his conduct so he masked the nature of his trip by pretending it was round-trip. He also supported and attempted to facilitate a juvenile's travel to Syria for the same unlawful purpose. Significantly, Natsheh did all of this just a few months after having been interviewed by law enforcement and denouncing any affiliation with ISIL. Notwithstanding a supportive family with whom he lived in the Bay Area, in addition to steady employment in the North Bay, Natsheh was prepared to leave his entire life behind to fight with ISIL. *See* PSR ¶¶ 57-58.

In terms of mitigating factors, Natsheh did not commit an act of violence on behalf of ISIL, either in the United States or overseas. Therefore, his case can be distinguished from those involving individuals who did, and those who engaged in substantial steps to prepare themselves for combat prior to traveling overseas to join ISIL. Nevertheless, Natsheh completed every step necessary to committing an act overseas. But for being stopped from boarding his flight, Natsheh would have accomplished his goal of joining and fighting on behalf of ISIL. He did not renounce his intent either at the airport or the following day when he was arrested. Therefore, he posed the same threat as a foreign fighter.

While this Court must determine the appropriate sentence based on the defendant's personal history and characteristics, the basic fact of a young male residing in the United States who is radicalized over the Internet, commits to ISIL, and attempts to travel overseas is no longer unusual for our courts to consider. To assist this Court in determining a sentence in this case, the government submits a report summarizing sentences nationwide following convictions for providing material support to terrorist organizations which was submitted by the government in the District of Minnesota. *See* Attachment A (Final Report). As noted in the Final Report, none of the defendants reflected therein committed their crimes after the statutory maximum penalty for a violation of 18 U.S.C. § 2339B was increased to 20 years. Accordingly, any 15-year sentence was in fact a sentence to the statutory maximum. The government submits that Natsheh's conduct falls within the heartland of these similar cases. While many of the defendants in the report received sentences at the statutory maximum, the government recommends here that Natsheh be sentenced below the statutory maximum. Such a sentence recognizes the factual differences in some of the cases, yet sends a strong message to Natsheh and others that this conduct is considered by the Court as being extremely serious, which cannot be forgiven as a crime of immaturity, and can never be repeated. Natsheh must serve a significant amount of time in prison to protect society from any act of violence, to deter Natsheh from ever committing a similar act, either by himself or with others, and to provide Natsheh with the necessary corrective and rehabilitative treatment. *See* 18 U.S.C. § 3553(a). The United States faces a significant threat from terrorists' acts planned or committed by homegrown violent extremists like Natsheh who become radicalized and seek to support groups like ISIL. A substantial sentence here is both just and commensurate with Natsheh's conduct.

//

//

//

//

//

//

//

CONCLUSION

For the reasons sets forth above, the government urges the Court to sentence the defendant to a term of imprisonment of 15 years, followed by a term of supervised release of 15 years.

DATED: December 6, 2016

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

/s/
Elise Becker
Assistant United States Attorney